SEYFARTH SHAW LLP
Mark S. Ross (State Bar No.: 064812)
Laura J. Maechtlen (State Bar No.: 224923)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
Kiewit Pacific Co., Inc.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID WALLACE,

    Plaintiff,

v.

KIEWIT PACIFIC CO. and DOES 1-20,

    Defendants.

Case No. C 07 3238 CW
(Superior Court Case No. C 07 00827)

**NOTICE OF REMOVAL OF ACTION FROM THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF CONTRA COSTA**

**CERTIFICATE OF INTERESTED PARTIES**

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant Kiewit Pacific Co., Inc. ("Defendant") removes this case from the Superior Court of California for the County of Contra Costa to this Court. Defendant removes on the basis of a federal question arising under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and the Americans With Disabilities Act, 42 U.S.C. § 12117, 42 U.S.C. § 200e-5(f)(3)). In support of removal, defendant states:

## BACKGROUND

1.     Defendant is informed and believes that, on or about April 18, 2007, plaintiff David Wallace ("Wallace") filed a complaint titled "David Wallace v. Kiewit Pacific Co. and

1. Does 1-20." Defendant is informed and believes that, on or about that date, the Superior Court issued a summons.

2. On May 31, 2007, Wallace served a copy of the complaint and summons on defendant via the Contra Costa Sheriff's Department. A true and correct copy of the pleading and summons that Kiewit received is attached as **Exhibit A**.

3. Thirty days have not passed since the initial receipt by Kiewit of the initial pleading in this action. Hence, the time prescribed within which Kiewit may remove this action to the United States District Court has not yet expired.

4. The first amended complaint purports to allege two causes of action. Plaintiff specifically alleges: (1) Wrongful Termination, based on "Failure to Accommodate A.D.D. disability under Am. Disibilities Act. – A.D.A. And Reverse sex discrimination. Whistel Blower Retiliation For over reporting safty violation in complaiance with K.P. strict safty policy." [*sic*]; and (2) Breach of Contract, relying on "Union Hireing & Contractors OE3 Contract." [*sic*]

5. Both purported causes of action relate to the defendant's alleged wrongful termination of plaintiff's employment on or about April 29, 2005 in Contra Costa County, California. Kiewit was plaintiff's employer.

6. **Exhibit B** is a true and correct copy of Kiewit's unrescinded designation of the Associated General Contractors of California ("AGC") as its collective-bargaining representative in relation to the Operating Engineers Local 3.[1] **Exhibit C** is a true and correct copy of the collective-bargaining agreement between the Operating Engineers and AGC that was in effect on April 29, 2005.

## FEDERAL QUESTION JURISDICTION –
## LABOR MANAGEMENT RELATIONS ACT § 301

7. This Court has jurisdiction over this lawsuit because Wallace's breach of collective-bargaining agreement cause of action arises under federal law. *See* 28 U.S.C. § 1441(a) (authorizing removal of "any civil action brought in a State court of which the district

---

[1] Although, the designation is dated for a particular collective-bargaining agreement, if it's not revoked, it stays in effect until Kiewit revokes it.

courts of the United States have original jurisdiction"); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

8.   The Labor Management Relations Act § 301(a) states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

On its face, the complaint purports to allege a suit for violation of a contract between an employer and a labor organization representing employees, and Kiewit is has been in an industry affecting commerce since before plaintiff filed this lawsuit. Therefore, the first amended complaint raises a question of federal law under LMRA 301, over which this Court has original jurisdiction.

9.   Removal on the grounds of federal question jurisdiction is proper "when the preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (alterations in original). "The Supreme Court has interpreted [LMRA § 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements." *Valles*, 410 F.3d at 1075 (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968)). As a result, a state law claim for violation of a collectively-bargained agreement "is considered, from its inception, a federal claim, and therefore arises under federal law." *Valles*, 410 F.3d at 1075 (quoting *Balcorta*, 208 F.3d at 1107); *see also Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 599 (9th Cir. 1996) (affirming removal jurisdiction, holding that "[p]laintiff's breach of contract claim is preempted by § 301 because the contract alleged to have been breached is itself the [collective bargaining agreement].").

10.  This Court has supplemental jurisdiction over plaintiff's purported tortious discharge cause of action because it is part of the same controversy as his purported breach of

1  collective-bargaining agreement cause of action. *See* 28 U.S.C. § 1367(a). Both causes of action
2  challenge the termination of plaintiff's employment with Kiewit.

### FEDERAL QUESTION JURISDICTION –
### AMERICANS WITH DISABILITIES ACT

5  11.  Plaintiff also alleges that Kiewit violated the Americans With Disabilities Act,
6  ("ADA"), 42 U.S.C. Section 12112 et seq. Accordingly, this action is one over which the Court
7  has original jurisdiction under 28 U.S.C. Section 1331, and is one that may be removed by
8  Defendant pursuant to the provisions of 28 U.S.C. Section 1441 et seq. *See e.g. People ex rel.*
9  *Lockyer v. County of Santa Cruz*, 416 F.Supp.2d 797 (N.D.Cal. 2006)("the complaint contains a
10 cause of action for violation of a federal statute, the ADA. This court would thus have had
11 original jurisdiction over that cause of action, *see* 28 U.S.C. § 1331...").

### REMOVAL PROCEDURE

13 12.  **Exhibit A** includes the only process, pleadings, and orders served upon any of the
14 Defendant in the lawsuit. *See* 28 U.S.C. § 1446(a). **Exhibit D** is a true and copy of Kiewit's
15 answer, which it filed in the Superior Court on June 19, 2007.

16 13.  This notice is timely. Defendant are filing this notice within 30 days after the
17 earliest receipt by them of any pleading setting forth the claim for relief upon which the lawsuit
18 is based. *See* 28 U.S.C. § 1446(b).

19 14.  Defendant promptly will file with the Superior Court a notice of removal to this
20 Court. *See* 28 U.S.C. § 1446(d).

### INTRADISTRICT ASSIGNMENT

22 15.  This case should be assigned to the San Francisco or Oakland Divisions of this
23 Court because a substantial part of the events or omissions which give rise to plaintiff's claims
24 occurred in Contra Costa County. *See* Civ. L.R. 3-2(d).
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

WHEREFORE, Defendant requests that all further proceedings in this lawsuit take place in this Court.

DATED: June 19, 2007        SEYFARTH SHAW LLP

By _____
Laura J. Maechtlen
Attorneys for Defendant, KIEWIT PACIFIC CO.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Kiewit Corporation, which is the direct parent of Kiewit Pacific Company, and Peter Kiewit Sons', Inc., which is the direct parent of Kiewit Corporation.

DATED: June 19, 2007

_____
Laura J. Maechtlen

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On June 19, 2007, I served the within documents:

**Notice Of Removal Of Action From The Superior Court Of California For The County Of Contra Costa and Certificate Of Interested Parties**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

David Wallace
890 Midway Ave.
San Leandro, CA 94577

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

_____
Gloria Garcia

---

Notice of Removal from Superior Court of California

SF1 28286098.1 / 20275-000100