# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Kiewit Pacific Co.
*(AVISO AL DEMANDADO):* 80 Mococo Rd.
Martinez CA 94553

**YOU ARE BEING SUED BY PLAINTIFF:** David Wallace
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED APR 18 2007

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** C 07 00827

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

890 Midway Ave.
San Leandro CA 94577

**DATE:** APR 18 2007        **Clerk, by** _____, **Deputy**
*(Fecha)*                      *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL — SUPERIOR COURT CONTRA COSTA COUNTY, CALIFORNIA]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
David Wallace
890 Midway Ave.
San Leandro CA 94577
TELEPHONE NO.: 808 728-7554    FAX NO.:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:     SUPERIOR COURT CLERKS OFFICE
MAILING ADDRESS:    725 COURT ST. P.O. BOX 911
CITY AND ZIP CODE:   MARTINEZ, CA 94553
BRANCH NAME:

CASE NAME:

FOR COURT USE ONLY

FILED
APR 18 2007
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk

CASE NUMBER: C07 00827
JUDGE:
DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation |
|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) |

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary    b. [X] nonmonetary; declaratory or injunctive relief    c. [X] punitive

4. Number of causes of action *(specify)*:

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-18-07

David Wallace
(TYPE OR PRINT NAME)     ▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

PLD-C-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
David Wallace
890 Midway Ave
San Leandro CA 94577
TELEPHONE NO.: 808 728-7554
E-MAIL ADDRESS (Optional): prepostman1@yahoo.com
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: SUPERIOR COURT CLERKS OFFICE
MAILING ADDRESS: 725 COURT ST. P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME:

PLAINTIFF: David Wallace
DEFENDANT: Kiewit Pacific Co.

[X] DOES 1 TO 20

**CONTRACT**
[X] COMPLAINT
[ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT
[ ] AMENDED CROSS-COMPLAINT (Number):

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT ___

FILED
APR 13 2007
K. TORRE, CLERK OF THIS COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk

**Jurisdiction** (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER: C07 00827

1. Plaintiff* (name or names): David Wallace
   alleges causes of action against defendant* (name or names): Kiewit Pacific Co.
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. a. Each plaintiff named above is a competent adult
   [ ] except plaintiff (name):
      (1) [X] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] other (specify):
   b. [ ] Plaintiff (name): Kiewit Pacific Co.
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
   [ ] except defendant (name):                              [ ] except defendant (name):
      (1) [ ] a business organization, form unknown             (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                                     (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):              (3) [ ] an unincorporated entity (describe):
      (4) [ ] a public entity (describe):                       (4) [ ] a public entity (describe):
      (5) [ ] other (specify):                                  (5) [ ] other (specify):

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Page 1 of 2
Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(3)

| SHORT TITLE: Wallace VS Kiewit Pacific Co. | CASE NUMBER: |

___First___ **CAUSE OF ACTION- Intentional Tort**   Page _3_
(number)

ATTACHMENT TO ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: David

alleges that defendant *(name)*:

☒ Does __1__ to __20__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: 4- -  Job Site Martinez CA.
at *(place)*:

*(description of reasons for liability)*:

Wrongfull Termination
Failure to Accomadate A.D.D. disability under Am. Disibilities Act. - A.D.A.
And Reverse sex discrimiation.
Whistel Blower Retailiation for over reporting saftey violation in complaiance with K.P. policy.
(strict saftey)

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
Martin Dean's ESSENTIAL FORMS™
CAUSE OF ACTION - Intentional Tort
Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

PLD-C-001(1)

| SHORT TITLE: Wallace vs Kiewit Pacific Co. | CASE NUMBER: |
|---|---|

**Second** (number) **CAUSE OF ACTION— Breach of Contract**

Page 4

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

BC-1. Plaintiff (name): David Wallace

alleges that on or about (date): 2-24-05 ~~4-29-05~~

a ☐ written ☒ oral ☒ other (specify): Union Hireing & Contractors OE3 Contract.
agreement was made between (name parties to agreement):

☐ A copy of the agreement is attached as Exhibit A, or
☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows (specify):

i.P. will Train AW, & Not to violate Safe & Federal employment laws.

BC-2. On or about (dates): 4-29-05 & prior to.
defendant breached the agreement by ☒ the acts specified in Attachment BC-2 ☐ the following acts (specify):

Failure to Accomadate ADD under ADA, Reverse Sex descrimination & Whistal Blower Retaliation.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows (specify):

Lost, job, income, peace of mind, ability to sleep & concentrate, self esteam, etc pension payments.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.

BC-6. ☐ Other:

Page 4

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
Martin Dean's ESSENTIAL FORMS™

CAUSE OF ACTION— Breach of Contract

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

<u>YOU ARE BEING SUED</u>. This packet should contain the following papers:

- a. The *Summons*
- b. The *Complaint*
- c. The *Notice of Case Management Conference* (shows hearing date and time)
- d. <u>Blank</u>: *Case Management Conference Statement* (Judicial Council form CM-110)
- e. Alternative Dispute Resolution (ADR) Information sheet
- f. <u>Blank</u>: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**



### WHAT DO I DO NOW?

<u>You Must:</u>

1. Complete the <u>Case Management Conference Statement</u> (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given** in the <u>Notice of Case Management Conference</u>.
4. **File and serve your court papers on time.**

<u>IMPORTANT!</u> **YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.**
If you were served in person **you have to file your response in 30 days.** If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

<u>COURT FEES:</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms 982(a)(17)(A) [information sheet]; 982(a)(17) [application]; and 982(a)(18) [order].

<u>FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court promptly.

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

### HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
    a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
    b. For contract claims, use Judicial Council form 982.1(35)
    Answers for other types of claims do not have Judicial Council forms and you will have to write your own.
2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

All answers include:

1. The Denial  General Denial:  Use the correct Judicial Council form (see the forms listed above)
   OR
   Specific Denial:  Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #__ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.
2. Affirmative Defenses   The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.
3. The Prayer or Relief   Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.

Be sure to include **all** defenses in the Answer, or you may not be able to use them later in the case.
If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.

### TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.

### WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:  (866) 442-2529
- Bay Legal:  (800) 551-5554
- Contra Costa County Law Library      Martinez:  (925) 646-2763        Richmond:  (510) 374-3019
- Ask the Law Librarian:   www.247ref.org/portal/access_law3.cfm

CV-655d/new 1/2/07

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

_____
_____
                              Plaintiff(s)
            vs.
_____
_____
                              Defendant(s)

*__Stipulation and Order__ to Attend ADR and Delay First Case Management Conference 90 Days*

Case No.:_____  Date complaint filed: _____  First case management conference set for:_____

> - ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
> - PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
> - THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation     ☐ Judicial arbitration     ☐ Neutral case evaluation
☐ Private mediation      ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____     _____
                                        *Judge of the Superior Court*

CV-655b/Rev. 1/2/07                                    Local Court Rules, Rule 5 (b)(4)(a)(5)

|  | CM-110 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br><br>TELEPHONE NO.:          FAX NO. (Optional): <br>E-MAIL ADDRESS (Optional): <br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br>STREET ADDRESS: <br>MAILING ADDRESS: <br>CITY AND ZIP CODE: <br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: <br>DEFENDANT/RESPONDENT: | |
| CASE MANAGEMENT STATEMENT <br>(Check one):  ☐ UNLIMITED CASE        ☐ LIMITED CASE <br>                (Amount demanded            (Amount demanded is $25,000 <br>                exceeds $25,000)              or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint  ☐ cross-complaint  (describe, including causes of action):

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | CASE NUMBER: |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]         **CASE MANAGEMENT STATEMENT**         Page 3 of 4

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

    | Party | Description | Date |
    |---|---|---|
    | | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
    Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____           ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____           ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)
                                        ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]           **CASE MANAGEMENT STATEMENT**           Page 4 of 4



# CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION (non-binding)**
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION (non-binding and binding)**
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

## ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA

### DESIGNATION OF COLLECTIVE BARGAINING AUTHORITY AND POWER OF ATTORNEY FOR 1998-2002 AGC/OPERATING ENGINEERS MASTER AGREEMENT

Pursuant to the Bylaws of the Associated General Contractors of California, Inc. (AGC), the undersigned hereby authorizes the AGC to execute the 1998-2002 Master Agreement between the AGC and the Operating Engineers Local Union #3 on behalf of the undersigned and further designates the AGC as its collective bargaining representative in relation to the above described labor organization until such time as this bargaining authority may be otherwise rescinded.

Name of Company _Kiewit Pacific Co_

By _[signature]_ (signature)   Position _Job Sponsor_ (title)

Date _8/31/98_

**RECEIVED**

SEP 3 1998

INDUSTRIAL RELATIONS DEPT.
A.G.C.

Return to:
AGC of California, Inc.
Industrial Relations Department
1390 Willow Pass Road, Suite 1030
Concord, CA 94520

Civil Unit
920 Mellus Street
Martinez, CA 94553
Office Ph. (925) 313-4200
Cell Ph. (925) 383-9615

THE COUNTY OF
CONTRA COSTA

Emily Arnett
Deputy Sheriff

WARREN E. RUPF
Sheriff

```
                    SUPERIOR COURT - MARTINEZ
                    COUNTY OF CONTRA COSTA
                    MARTINEZ, CA, 94553
```

DAVID WALLACE VS. KIEWIT PACIFIC CO

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-00827

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 09/05/07      DEPT: 09      TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)957-5794 for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

   a. an order establishing a discovery schedule
   b. an order referring the case to arbitration
   c. an order transferring the case to limited jurisdiction
   d. an order dismissing fictitious defendants
   e. an order scheduling exchange of expert witness information
   f. an order setting subsequent conference and the trial date
   g. an order consolidating cases
   h. an order severing trial of cross-complaints or bifurcating issues
   i. an order determining when demurrers and motions will be filed

                              SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 04/19/07                        _____
                                           C. JACALA, Deputy Clerk