# EXHIBIT D

1  SEYFARTH SHAW LLP
   Mark S. Ross (State Bar No.: 064812)
2  Laura J. Maechtlen (State Bar No.: 224923)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   Kiewit Pacific Co., Inc.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| DAVID WALLACE, | Case No. C 07 00827 |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. | |
| KIEWIT PACIFIC CO. and DOES 1-20, | Action Filed: April 18, 2007 |
| Defendants. | Trial Date: Not Set |

Defendant KIEWIT PACIFIC, CO. hereby answers the unverified Complaint ("Complaint") filed by Plaintiff DAVID WALLACE ("Plaintiff") by denying each and every material allegation in the Complaint, and by further denying that any damage, whether in the amount set forth in the Complaint, or in any other sum, or at all, has been caused by reason of any act or omission on the part of Defendant. Defendant further denies that Plaintiff is entitled to any legal or equitable relief whatsoever.

Without admitting any of the allegations in the Complaint, Defendant alleges the following:

**GENERAL DENIAL**

1.  Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendant denies generally each and every allegation and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny that

1  Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of
2  Defendant.

### SEPARATE AND AFFIRMATIVE DEFENSES

2.  In further answer to Plaintiff's Complaint, and without admitting any of Plaintiff's allegations, Defendant alleges the following separate and affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

3.  In asserting these separate and affirmative defenses, Defendant does not assume, nor admit, nor concede, that it has been properly named as a Defendant to Plaintiff's two causes of action including, but not limited to, any cause of action for intentional tort (based upon alleged violation of the Americans With Disabilities Act, or any other applicable non-discrimination statute), or breach of contract.

### FIRST AFFIRMATIVE DEFENSE
(Statue of Limitations – All Causes of Action)

Each of Plaintiff's claims as set forth in the Complaint is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 337, 338 and 340, Cal.Gov.C. § 12965(b); 42 U.S.C. § 2000e–5(f)(1) and 42 U.S.C. § 12117.

### SECOND AFFIRMATIVE DEFENSE
(LMRA Preemption – All Causes of Action)

Plaintiff's causes of action are barred in whole or in part to the extent that Labor Management Relations Act § 301, 29 U.S.C. § 185, or any other federal law, preempts them.

### THIRD AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief– All Causes of Action)

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE
(Privilege– All Causes of Action)

Assuming, *arguendo*, any alleged statements, actions or omissions, as described in the Complaint were made, Plaintiff's purported causes of action are barred in whole or in part

because any such statements, actions or omissions were privileged and made without malice by and between persons having legitimate interest in such matters. Cal. Civ. Code § 47(c).

### FIFTH AFFIRMATIVE DEFENSE

(Legitimate Non-Retaliatory Factors– All Causes of Action)

Plaintiff may not obtain any of the relief requested in the Complaint because any adverse employment action, if taken at all, was taken against Plaintiff based on legitimate, non-retaliatory factors other than Plaintiff's alleged complaints of discrimination, harassment and/or request for reasonable accommodation.

### SIXTH AFFIRMATIVE DEFENSE

(Legitimate Non-Discriminatory Factors– All Causes of Action)

Plaintiff may not obtain any of the relief requested in the Complaint because any adverse employment action, if taken at all, was taken against Plaintiff based on legitimate, non-discriminatory factors other than Plaintiff's alleged race, disability, and/or reasons violating public policy.

### SEVENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Act Preemption– All Causes of Action)

Plaintiff is barred from seeking any damages in whole or in part from any alleged physical or emotional injuries as a result of his employment and/or discharge, to the extent that the California Workers' Compensation Act, California Labor Code Sections 3600 *et seq.*, provides the exclusive remedy for Plaintiff's alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

(Federal Preemption– All Causes of Action)

Plaintiff is barred from bringing the claims alleged in his complaint because those claim are in whole, or in part, preempted by federal law.

///

///

///

///

3
Answer To Unverified Complaint / Case No. C 07 00827

### NINTH AFFIRMATIVE DEFENSE

(Adoption of Anti-Discrimination, Harassment and Retaliation Policy– All Causes of Action)

Plaintiff's claim for punitive damages against Defendant is barred by Kiewit's adoption, publication and adherence and/or enforcement of a policy against the discrimination, harassment and/or retaliation of the type alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

(Labor Code §2922– All Causes of Action)

Plaintiff's causes of action are barred pursuant to California Labor Code §2922 in that Plaintiff's employment was "at will" and Plaintiff could be terminated at any time, for any reason.

### ELEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 2924– All Causes of Action)

Plaintiff's causes of action are barred pursuant to California Labor Code § 2924 in that Plaintiff willfully breached his duties in the course of his employment, habitually neglected his duties as an employee, or continually was incapable of performing such duties.

### TWELFTH AFFIRMATIVE DEFENSE

(Labor Code §§ 2854 and 2856– All Causes of Action)

Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### THIRTEENTH AFFIRMATIVE DEFENSE

(*In Pari Delicto*– All Causes of Action)

To the extent a trier of fact should find liability on the part of Kiewit Pacific Co. based on the allegations in the Complaint, all of which Kiewit Pacific Co. denies, then Plaintiff's causes of action are barred under the doctrine of *in pari delicto*.

///

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

(Reasonable accommodation made– All Causes of Action)

Some or all of Plaintiff's claims are barred because Kiewit Pacific Co. has complied with the applicable reasonable accommodation provisions of state and federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Undue Hardship– All Causes of Action)

Plaintiff's claims are barred because it would have been an undue hardship to accommodate Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unreasonable Accommodation– All Causes of Action)

Plaintiff's claims are barred because Plaintiff's requested accommodations were unreasonable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Inability to Perform Essential Job Functions– All Causes of Action)

Plaintiff's claims are barred because Plaintiff was unable to perform his essential job functions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Perform Essential Job Functions– All Causes of Action)

Plaintiff's claims are barred because Plaintiff failed to perform his essential job functions.

### NINETEENTH AFFIRMATIVE DEFENSE

(Final and Binding Arbitration Award– All Causes of Action)

Plaintiff's breach of contract cause of action is barred in whole or in part to the extent that he bases it on a controversy that he and his collective-bargaining representative previously arbitrated and that is now final and binding.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure To Exhaust Collective Bargaining Grievance Procedures – All Causes of Action)

Plaintiff's claims are barred because Plaintiff failed to exhaust the applicable collective bargaining grievance procedures applicable to him.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure To Exhaust Employer's Internal Grievance Procedures And Related Judicial Remedies – All Causes of Action)

Plaintiff's claims are barred because Plaintiff failed to exhaust the applicable internal and related judicial remedies available to him.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure To Exhaust Contractual Remedies – All Causes of Action)

Plaintiff's claims are barred because Plaintiff failed to exhaust the applicable contractual remedies available to him pursuant to the collective bargaining agreement applicable to his employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure To Assert Claims Under The Labor Management Relations Act – All Causes of Action)

Plaintiff's claims are barred because Plaintiff failed to assert necessary claims alleging that the Operating Engineers Local 3 failed and or refused to prosecute Plaintiff's contractual claims, or that the Union branched the fair duty of representation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Untimely Exhaustion – All Causes of Action)

To the extent Plaintiff seeks relief for alleged unlawful conduct occurring more than the prescribed number of days within which he is required to file a charge with the appropriate state or federal administrative body, such claims are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure To Take Advantage Of Preventative/Corrective Opportunities – All Causes of Action)

Assuming Plaintiff suffered alleged discrimination and/or harassment by a statutory supervisor, Plaintiff's claims are barred as Plaintiff failed unreasonably to avail himself of preventative and corrective opportunities provided by Kiewit Pacific Co., which took reasonable care to prevent and correct harm to Plaintiff.

///

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Good Faith– All Causes of Action)

Defendant acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known to Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Doctrine of Laches– All Causes of Action)

Defendant allege that Plaintiff's action should be barred by the doctrine of laches because Plaintiff unreasonably delayed bringing this action against Defendant, which has substantially prejudiced Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Waiver– All Causes of Action)

Each of Plaintiff's claims as set forth in the Complaint is barred to the extent Plaintiff waived his rights to recover, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(After Acquired Evidence– All Causes of Action)

Plaintiff's claims for damages and/or other relief are barred by the after-acquired evidence doctrine.

## THIRTIETH AFFIRMATIVE DEFENSE

(Comparative Fault– All Causes of Action)

The losses or damages sustained by Plaintiff, if any, were wholly caused by the acts or omissions of Plaintiff and any loss or injury attributable to Defendant must be reduced by Plaintiff's comparative fault or negligence contributing to and proximately causing such damage.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Unclean Hands– All Causes of Action)

Each of Plaintiff's claims as set forth in the Complaint is barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Complaint.

///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Estoppel– All Causes of Action)

Each of Plaintiff's allegations as set forth in the Complaint is barred to the extent of Plaintiff's own improper conduct, and therefore, Plaintiff is estopped from recovering on any of his claims.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Frivolous Action– All Causes of Action)

Defendant allege, upon information and belief, that Plaintiff's maintenance of this action is without foundation, frivolous and unreasonable, entitling Defendant to an award of attorney's fees in this matter.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages– All Causes of Action)

Plaintiff is not entitled to recovery to the extent Plaintiff failed to mitigate his damages, if any.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(No Injury– All Causes of Action)

Plaintiff sustained no actionable injury or damages by reason of any act or omission attributable to Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Due Process– All Causes of Action)

Plaintiff's punitive damage claims constitute a denial of Defendant' right to due process of law and equal protection of the law and is violative of the separation of judicial, legislative and executive powers guaranteed by the United States Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Punitive Damages– All Causes of Action)

Plaintiff's causes of action fail to state facts sufficient to constitute a claim for punitive damages against Defendant.

///

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Unconstitutional on its Face– All Causes of Action)

California Civil Code Section 3294, relating to the imposition of punitive damages, is invalid on its face, or as applied to Defendant in this action, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and Articles I and IV of the California Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Equity– All Causes of Action)

Plaintiff's claims are barred in whole or in part to the extent it would be inequitable to allow damages or other relief based upon his misconduct.

### FORTIETH AFFIRMATIVE DEFENSE

(Unforeseen Damages– All Causes of Action)

The alleged damages claimed by Plaintiff could not reasonably be foreseen, and were not foreseen by Defendant to be reasonable, probable consequences of any alleged act attributable to Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Attorneys' Fees– All Causes of Action)

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by a good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this lawsuit, Defendant have been required to obtain the services of the undersigned attorneys and have and will continue to incur substantial costs and attorneys' fees, expenses, and costs on this frivolous case. Defendant are therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with the California Code of Civil Procedure Section 128.5.

///
///
///
///

9
Answer To Unverified Complaint / Case No. C 07 00827

## ADDITIONAL DEFENSES

(Pending Discovery – All Causes of Action)

Kiewit presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint on file herein;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorney's fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and
5. That Defendant be awarded other and further relief as the Court may deem appropriate

DATED: June 18, 2007

SEYFARTH SHAW LLP

By /s/ illegible signature
Mark S. Ross
Laura J. Maechtlen
Attorneys for Defendants
KIEWIT PACIFIC CO.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On June 19, 2007, I served the within documents:

**ANSWER TO UNVERIFIED COMPLAINT**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

David Wallace
890 Midway Ave.
San Leandro, CA 94577

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

*Juliana Blackwell*
Juliana Blackwell

---

Answer To Unverified Complaint / Case No. C 07 00827

SF1 28286146.1 / 20275-000100