SEYFARTH SHAW LLP
Mark S. Ross (State Bar No.: 064812) mross@seyfarth.com
Laura J. Maechtlen (State Bar No.: 224923) lmaechtlen@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KIEWIT PACIFIC CO.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>KIEWIT PACIFIC CO., INC.<br><br>    Defendant. | Case No. C 07-03238 CW<br><br>**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 25, 2007<br>Time: 2:00 P.M.<br>Judge: The Honorable Claudia Wilkin<br>Courtroom: 2 |

Defendant, KIEWIT PACIFIC CO., INC.[1] submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

1. **JURISDICTION AND SERVICE**

Defendants removed the case to this Court based on federal question and diversity jurisdiction from the Superior Court of California, County of Contra Costa. Defendant is not aware of any issues regarding personal jurisdiction or venue. All parties have been served with notice of the lawsuit, and removal to this Court.

///

///

---

[1] Defendant attempted to meet and confer with Plaintiff David Wallace to file a joint case management conference statement pursuant to Civil Local Rule 16-9 and the Standing Order For All Judges Of The Northern District Of California. *See* Declaration of Laura J. Maechtlen filed herewith.

Defendant Kiewit Pacific Co., Inc.'s CMC Statement; Case No. C 07-03238 CW

2. **FACTS**

   A. **A brief description of the events underlying the action:**

   Plaintiff DAVID WALLACE ("Plaintiff") brought this action against his former employer, defendant KIEWIT PACIFIC CO. ("Kiewit") in Contra Costa Superior Court, alleging the following two causes of action: (1) Intentional Tort; and (2) Breach of Collective Bargaining Agreement. Defendants removed the case to this Court based on federal question and diversity jurisdiction. Defendants deny all substantive allegations of Plaintiff's complaint and have raised various affirmative defenses.

   1. **Plaintiff's claims**

   Plaintiff alleges in his first cause of action for Intentional Tort several claims: (1) Wrongful Termination; (2) "Failure to Accommodate A.D.D. disabitity (sic) under Am. Disibilties (sic) Act – A.D.A.;" (3) "Reverse" Sex Discrimination; and (4) Whistleblower Retaliation for "over reporting safty (sic) violation in complaiance (sic) with K.P. strict safty (sic) policy."

   In his Breach of Contract cause of action, Plaintiff alleges that on February 24, 2005 Kiewit Pacific Co. breached an oral and "other" contract between the "Union Hireing (sic) & Contractors OE3 Contract." He alleges the essential terms were that "K.P. will Train D.W. & Not to violate safe (sic) & Federal employment laws." He also restates his allegations contained in the first cause of action: failure to accommodate ADD under the Americans With Disabilities Act, "reverse" sex discrimination and whistleblower retaliation.

   2. **Defendant's description of events**

   Kiewit is a construction company specializing in civil construction projects. Among its various projects, it currently operates at a jobsite in Benicia for the construction of the new Benicia Bridge. Kiewit employed Plaintiff David Wallace ("Wallace") as a surveyor party chief. Kiewit employs surveyors, such as Wallace, to perform survey tasks on the Benicia Bridge Project. The surveyors are required to provide accurate measurements on all aspects of the project, and are relied upon by all other crews on the project.

   ///

Wallace was not interviewed by the company, and was sent from the union hiring hall upon a request from Mike Lombardi, Survey Manager on the Benicia Bridge project. Upon hire, Kiewit expected that Wallace would have basic knowledge of surveying in order to run a survey crew efficiently and with little training. Within one week of his employment, Wallace notified his manager, Mike Lombardi, that he was not as "intuitive" as a woman, and therefore would need additional time to learn the survey equipment. Lombardi immediately reported this to the a Senior Business Manager on the jobsite, Patrick Snyder. Snyder and Lombardi agreed that they should determine what additional time or help Wallace needed. Lombardi went back to Wallace, and asked him whether that was all he needed. Wallace said that was all. Other than this conversation, Wallace never said or did anything to inform anyone that he had any alleged disability. Despite providing additional time and opportunity to learn the equipment necessary to perform his job (that he was already supposed to have known how to operate), Wallace was simply unwilling or unable to adequately perform the essential functions of his job. Two months after he was employed, Wallace was terminated for unsatisfactory performance.

**B.     The principal factual issues according to Defendant:**

1. Whether Wallace suffered from a disability.
2. Whether Wallace adequately informed Kiewit of his need for a reasonable accommodation.
3. Whether Kiewit provided Wallace with a reasonable accommodation.
4. Whether Wallace's alleged request for accommodation was "reasonable."
5. Whether Wallace could perform the essential functions of his job, with or without a reasonable accommodation.
6. If the requested reasonable accommodation was an undue hardship.
7. Whether Wallace failed to perform his essential job functions.
8. Whether Plaintiff's sex was a factor in any of Defendant's purportedly adverse employment decisions regarding Plaintiff.
9. Whether Wallace engaged in whistleblower activities.

///

  10. Whether Defendant's purportedly adverse employment decision regarding Plaintiff was/were taken in retaliation for Wallace's alleged whistleblower activities.

  11. Whether Kiewit's alleged adverse employment actions against Plaintiff were taken for legitimate non-retaliatory business reasons.

  12. Whether the collective bargaining agreement that covered Wallace's employment was breached.

  13. What damages, if any, did Plaintiff suffer as a result of Defendant's alleged conduct?

  14. Whether Plaintiff mitigated his alleged damages.

  15. Whether Plaintiff has satisfied the statutory and administrative prerequisites to filing suit, in a timely manner.

**3.** **LEGAL ISSUES**

 **A.** **The principal legal issues according to Defendant:**

  1. Whether Wallace's claims are barred because he failed to exhaust the applicable collective bargaining grievance procedures applicable to him.

  2. Whether Wallace's claims are barred because he failed to exhaust the applicable contractual remedies available to him pursuant to the collective bargaining agreement applicable to his employment.

  3. Whether Wallace's claims are barred because he failed unreasonably to avail himself of preventative and corrective opportunities provided by Kiewit Pacific Co., which took reasonable care to prevent and correct harm to Plaintiff.

  4. Whether the facts are sufficient to state claims for sex discrimination, failure to accommodate, wrongful termination or breach of contract.

  5. Whether Plaintiff can establish a prima facie case of violation of the applicable collective bargaining agreement.

///

6.  Whether any or all of Wallace's claims will be barred by the decision of the Labor Arbitrator in Wallace's pending labor arbitration case alleging discriminatory discharge (Operating Engineers Local 3 (David Wallace) and Kiewit Pacific Co., Union Case No. 46085-20050512-111309).

7.  Whether Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

8.  Whether Plaintiff's claims are barred in whole or in part by Plaintiff's failure to file a timely administrative charge, and/or to exhaust his administrative remedies.

9.  Whether Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Workers Compensation Act?

10. Whether Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, ratification and/or unclean hands.

11. Whether Defendants' actions were a just and proper exercise of management discretion.

12. Whether Defendants' actions were privileged or justified.

13. Whether Defendants may use any "after-acquired" evidence that, if known, would have caused Plaintiff to be terminated.

14. If liability exists, the scope, nature, extent and limitations on damages.

15. Whether there are sufficient grounds upon which a claim for, or any recovery of, punitive damages can be based.

16. Whether Plaintiff or Defendant is entitled to an award of attorneys' fees.

4. **MOTIONS.**

The parties have filed no prior or pending motions. Defendant anticipates that there may be a need for discovery motions including, but not limited to a motion to compel Plaintiff's independent medical examination, once written discovery and depositions commence. Defendant will file a dispositive motion in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of Court.

**5. AMENDMENT OF PLEADINGS**

Defendant is unaware of any reasons for parties, claims, or defenses to be added or dismissed.

**6. EVIDENCE PRESERVATION**

Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including preservation of any electronically recorded material. It is unknown whether Plaintiff has taken any steps to preserve evidence relevant to the issues relevant to this action.

**7. DISCLOSURES**

Defendant served its initial disclosures pursuant to Rule 26(a) on September 18, 2007. Plaintiff has not served his initial disclosures.

    A.    Persons disclosed pursuant to Civ. L.R. 16-5:

        1.    Disclosed by Plaintiff

None.

        **2.**    Disclosed by Defendant

Defendant disclosed eleven witnesses who are believed to have relevant information related to Plaintiff's claims including all relevant co-employees of Plaintiff, and all witnesses known to Defendant whom Plaintiff may identify as relevant fact witnesses.

    B.    Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery:

        1.    Categories of documents disclosed by Plaintiff:

            a.    none.

        **2.**    Categories of documents disclosed by Defendant:

Defendant disclosed by category all relevant documentation that it knows to exist, that is relevant to Plaintiff's asserted claims including, but not limited to Plaintiff's personnel and compensation files; all paperwork signed by Plaintiff relative to his employment with Kiewit Pacific Co.; Kiewit's Employment Policies applicable to the Benicia Bridge Project and David Wallace from February 23, 2005- April 29, 2005; all administrative charges and/or complaints

1 David Wallace filed with the Equal Employment Opportunity Commission regarding his
2 employment with Kiewit Pacific Co., Inc. (or any other relevant agency); relevant documents
3 that relate or refer to communications by and between Plaintiff and/or others about Plaintiff's
4 performance, the assignment of work to Plaintiff, Plaintiff's training, Plaintiff's termination, and
5 any alleged request for "accommodation" made by Plaintiff; relevant documents related to the
6 relative performance of similarly situated employees; relevant documents related to the
7 performance, performance counseling process and termination of other similarly situated
8 employees hired, counseled and/or terminated in the same or similar time period as Plaintiff for
9 the same or similar reasons; various documents and communications by and between witnesses
10 noted above related to the assignment of work to Plaintiff, relative performance of Plaintiff's
11 work and Plaintiff's termination from employment; communication and/or document between
12 the witnesses noted above regarding Plaintiff's complaint that women are more "intuitive" than
13 men, and Plaintiff requires additional training time; any and all standards, rules or policies
14 related to the requirements of Surveyors on the Benicia Bridge Project including, but not limited
15 to, any documentation or information related to the essential functions of Plaintiff's position as
16 Survey Party Chief; all paperwork related to Plaintiff's union grievance covering similar or
17 identical claims contained in this action; 2002-2006 Master Agreement for Northern California
18 between Associated General Contractors of California, Inc. and Local Union No. 3 of the
19 International Union of Operating Engineers, AFL-CIO; all documentation reflecting the work
20 performed by Plaintiff including, but not limited to any timelines or chronologies setting for the
21 tasks Plaintiff performed, diary entries and/or notes maintained by Plaintiff, his managers or co-
22 workers; all documentation prepared by any doctor, psychologist, psychiatrist, or other physical
23 or mental health, learning disabilities or educational professional related to Plaintiff's alleged
24 Adult Attention Deficit Disorder.

    **C.**    Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:

        **1.**    Plaintiff's computation of damages.

None.

7
Defendant Kiewit Pacific Co., Inc.'s CMC Statement; Case No. C 07-03238 CW

1  **2.** Defendant's computation of damages.

Defendant denies Plaintiff is entitled to any damages. Other than its costs and attorney fees, Defendant does not seek the recovery of any damages from Plaintiff at this time.

**D.** All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:

Defendant is presently unaware of any policies of insurance that may cover a potential judgment if one is obtained in this action.

**8. DISCOVERY**

Defendant agrees to the following discovery plan:

**A.  Non-expert discovery.**

Defendant will take Plaintiff's deposition, and will serve document requests and interrogatories on Plaintiff. Defendant may depose other witnesses identified through discovery, and may issue records subpoenas to third parties. Defendant also may propound requests for admissions, and any necessary follow up discovery.

Defendant also anticipates that an independent medical examination will be necessary by a psychiatrist and/or psychologist, to determine whether Plaintiff suffers from the disability he alleges (ADD); what effect, if any, that disability had on Plaintiff's ability to perform the essential functions of his job as Surveyor Party Chief; and, what accommodations may have been reasonable to enable Plaintiff to perform his essential functions of his job as Surveyor Party Chief.

Plaintiff's intended non-expert discovery is unknown.

The parties do not propose any limitation on the number of discovery requests or the duration of discovery, other than what the federal and local rules already provide.

The parties do not propose any limitation on the subject matter of discovery, other than what the federal and local rules already provide.

/ / /

/ / /

/ / /

8
Defendant Kiewit Pacific Co., Inc.'s CMC Statement; Case No. C 07-03238 CW

### B. Expert discovery

Defendant does not currently know if experts will be necessary. If they are, the areas of likely testimony are related to economics, Plaintiff's alleged disability, and emotional distress damages. Defendant plans to take depositions of all disclosed experts.

### C. Deadlines for completion of discovery

The parties believe that non-expert discovery can be completed by the end of February 2008.

Defendant will disclose experts, if any, by April 2008. Expert discovery can be completed by April 2008.

## 9. CLASS ACTION

Not applicable. This is not an action filed with the intent to certify a class.

## 10. RELATED CASES

A labor arbitration is currently pending before a labor arbitrator pursuant to the collective bargaining agreement in effect between Operating Engineers Local 3 and Kiewit Pacific Co. That case is titled Operating Engineers Local 3 (David Wallace) and Kiewit Pacific Co., Union Case No. 46085-20050512-111309.

Defendant is aware of no other related cases.

## 11. RELIEF

Plaintiff alleges he lost his job, income, peace of mind, ability to sleep and concentrate, self esteem, pension payments, and "etc." Defendant denies Plaintiff is entitled to any relief. Other than its costs and attorney fees, Defendant does not seek the recovery of any additional relief from Plaintiff at this time.

## 12. SETTLEMENT AND ADR

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process because the parties have not agreed to participate in any form of ADR at this time. The parties are currently in arbitration pursuant to the collective bargaining agreement entered in to between Kiewit Pacific Co. and the Operating Engineers Local 3 (Union Case No. 46085-20050512-111309). The labor arbitration will likely be completed by January 2008.

13. **CONSENT TO MAGISTRATE FOR ALL PURPOSES**

Defendant does not consent to a magistrate for all purposes.

14. **OTHER REFERENCES**

At this time, not applicable.

15. **NARROWING OF THE ISSUES**

At this time, it is unknown whether issues can be narrowed.

16. **EXPEDITED SCHEDULE**

Defendant does not consent to an expedited schedule at this time.

17. **SCHEDULING**

Defendant anticipates completing non-expert discovery by the end of February 2008, subject to any delay based on discovery motions. Defendant anticipates filing a motion to compel Plaintiff's independent medical examination. Defendant anticipates completing expert discovery by April or May 2008.

The parties also believe that dispositive motions should be decided prior to the expert discovery phase of the case. The parties request that dispositive motions be heard by March or April 2008.

18. **TRIAL**

It is unknown whether the case will be tried to a jury. Defendant does not request a jury. Defendant's estimated length of trial is one (1) week.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant disclosed all interested entities or persons in its notice of removal, which it filed on June 19, 2007. Defendant has reviewed the Court's standing order on recusal and does not believe that any ground for recusal exists.

20. **MATTERS THAT MAY FACILITATE THE DISPOSITION OF THIS MATTER.**

None known at this time.

DATED: September 18, 2007

SEYFARTH SHAW LLP
By _____
Laura J. Maechtlen
Attorneys for Defendant
KIEWIT PACIFIC CO., INC.

| | |
|---|---|
| 1 | **CASE MANAGEMENT ORDER** |

This Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders the following:

Dated: _____, 2007

_____
The Honorable Claudia Wilkin
United States District Court Judge

**PROOF OF SERVICE**

STATE OF CALIFORNIA   )
                     ) ss
COUNTY OF SAN        )
FRANCISCO            )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On June 19, 2007, I served the within document:

**Defendant's Case Management Conference Statement**

☐ I sent such document from facsimile machine (415) 397-8549 on September 18, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

David Wallace
890 Midway Ave.
San Leandro, CA 94577
**(By email at prepostman1@yahoo.com; & U.S. Mail)**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 18, 2007 at San Francisco, California.

_____
Gloria Garcia