SEYFARTH SHAW LLP
Mark S. Ross (State Bar No.: 064812) mross@seyfarth.com
Laura J. Maechtlen (State Bar No.: 224923) lmaechtlen@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KIEWIT PACIFIC CO.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID WALLACE, | Case No. C 07-03238 CW |
| Plaintiff, | **DECLARATION OF LAURA J. MAECHTLEN RE: DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| KIEWIT PACIFIC CO., INC. | |
| Defendant. | Date: September 25, 2007 |
| | Time: 2:00 P.M. |
| | Judge: The Honorable Claudia Wilkin |
| | Courtroom: 2 |

I, LAURA J. MAECHTLEN, declare as follows:

1.      I am an attorney licensed to practice in the courts of the State of California and the United States District Court In And For The Northern District Of California. I am an associate with the law firm of Seyfarth Shaw, LLP, attorneys of record for Defendant Kiewit Pacific Co., Inc.

2.      This declaration is based on my own personal knowledge and, if called upon to do so, I could and would competently testify to the matters set forth herein. I submit this Declaration regarding Defendant Kiewit Pacific Co., Inc.'s submission of a Case Management Conference Statement on behalf of itself.

3.      On Tuesday, September 4, 2007, I contacted Plaintiff David Wallace on the telephone. I notified him about the parties responsibility to meet and confer, and to conduct a FRCP Rule 26(f) conference. I notified him of the topics that the parties were required to discuss, and notified him that we were required to file a joint case management statement with the court. Mr. Wallace asked if I could send him more information, so he could read it, and then he would contact me.

4.      On that same day, I sent to Mr. Wallace an e-mail restating relevant portions of our discussion, and stating the relevant portions of Rule 26(f). I asked Mr. Wallace to respond as soon as possible to meet and confer. I also notified him again that the parties were required to file a joint statement to the court regarding the case. Attached hereto as **Exhibit A** is a true and correct copy of that electronic communication.

5.      On that same day, Mr. Wallace responded, asking whether the information could be sent to him in a "word" doc. The parties further met and conferred regarding the format in which Mr. Wallace could receive information, and I sent to Mr. Wallace the same information two additional times, in PDF format, and via U.S. Mail. Attached hereto as **Exhibit B** are true and correct copies of those communications.

6.      Following those multiple communications, Mr. Wallace responded on September 6, 2007 that he did not understand the questions of "how to respond to when or what," and asked whether he was qualified to represent himself. He did not otherwise respond to our multiple communications regarding the case management of this action. Attached hereto as **Exhibit C** is a true and correct copy of Mr. Wallace's September 6, 2007 communication.

7.      Based on the facts above, Kiewit Pacific Co., Inc. filed its case management conference statement on behalf of itself only.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 14 day of September, 2007 at San Francisco, California.

Laura J. Maechtlen

# EXHIBIT  A

**Maechtlen, Laura**

| | |
|---|---|
| **From:** | Maechtlen, Laura |
| **Sent:** | Tuesday, September 04, 2007 2:56 PM |
| **To:** | 'prepostman1@yahoo.com' |
| **Cc:** | Ross, Mark |
| **Subject:** | FW: David Wallace v. Kiewit Pacific Co. (Northern District of California, Case No. C 07-03238 CW) |

Mr. Wallace,

This email follows up our telephone discussion this morning. You confirmed that you are not represented by counsel in the case currently pending in the Northern District Court, Case No. C 07-03238 CW. If you are now represented, or otherwise retain counsel, please notify us immediately and we will correspond with counsel.

I contacted you this morning regarding a requirement that the parties conduct an early conference regarding discovery pursuant to FRCP 26(f). Rule 26(f) states,

**(f) Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

**(1)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

**(2)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

**(3)** any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

**(4)** any issues relating to claims of privilege or of protection as trial-preparation material, including -- if the parties agree on a procedure to assert such claims after production -- whether to ask the court to include their agreement in an order;

**(5)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(6)** any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

Please contact me at your earliest convenience to meet and confer regarding the topics above.  We are required to prepare a report to the court regarding these topics, so please respond as soon as you can.

Thank you,

Laura J. Maechtlen | SEYFARTH SHAW LLP
560 Mission Street | Suite 3100 | San Francisco, CA 94105
Telephone: (415) 544-1011
Facsimile:  (415) 397-8549
Cellular:    (857) 719-9269
E-mail: *lmaechtlen@seyfarth.com* | www.seyfarth.com

# EXHIBIT   B

**Maechtlen, Laura**

| | |
|---|---|
| **From:** | David Wallace [prepostman1@yahoo.com] |
| **Sent:** | Tuesday, September 04, 2007 3:28 PM |
| **To:** | Maechtlen, Laura |
| **Subject:** | Re: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case No. C 07-03238 CW) |

Please send again as a word doc .doc.  & always use that format, e-mail text
loses it formating & is har to read.
Thanks, dw

--- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:
> > Mr. Wallace,
> >
> > This email follows up our telephone discussion this morning.  You
> > confirmed that you are not represented by counsel in the case
> > currently pending in the Northern District Court, Case No. C 07-03238
> > CW.  If you are now represented, or otherwise retain counsel, please
> > notify us immediately and we will correspond with counsel.
> >
> > I contacted you this morning regarding a requirement that the parties
> > conduct an early conference regarding discovery pursuant to FRCP
> > 26(f).  Rule 26(f) states,
> >
> > (f) Conference of Parties; Planning for Discovery. Except in
> > categories of proceedings exempted from initial disclosure under Rule
> > 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as
> > practicable and in any event at least 21 days before a scheduling
> > conference is held or a scheduling order is due under Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split> , confer to consider the nature and basis of
> > their claims and defenses and the possibilities for a prompt
> > settlement or resolution of the case, to make or arrange for the
> > disclosures required by Rule 26(a)(1), to discuss any issues relating
> > to preserving discoverable information, and to develop a proposed
> > discovery plan that indicates the parties' views and proposals
> > concerning:
> > (1) what changes should be made in the timing, form, or requirement
> > for disclosures under Rule 26(a), including a statement as to when
> > disclosures under Rule 26(a)(1) were made or will be made;
> > (2) the subjects on which discovery may be needed, when discovery
> > should be completed, and whether discovery should be conducted in
> > phases or be limited to or focused upon particular issues;
> > (3) any issues relating to disclosure or discovery of electronically
> > stored information, including the form or forms in which it should be
> > produced;
> > (4) any issues relating to claims of privilege or of protection as
> > trial-preparation material, including -- if the parties agree on a
> > procedure to assert such claims after production -- whether to ask the
> > court to include their agreement in an order;
> > (5) what changes should be made in the limitations on discovery
> > imposed under these rules or by local rule, and what other limitations
> > should be imposed; and
> > (6) any other orders that should be entered by the court under Rule
> > 26(c) or under Rule 16(b) and (c)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split> .
> >
> > The attorneys of record and all unrepresented parties that have
> > appeared in the case are jointly responsible for arranging the
> > conference, for attempting in good faith to agree on the proposed
> > discovery plan, and for submitting to the court within 14 days after

```
> > the conference a written report outlining the plan. A court may order
> > that the parties or attorneys attend the conference in person. If
> > necessary to comply with its expedited schedule for Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  conferences, a court may by local rule (i)
> > require that the conference between the parties occur fewer than 21
> > days before the scheduling conference is held or a scheduling order is
> > due under Rule 16(b), and (ii)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  require that the written report outlining the
> > discovery plan be filed fewer than 14 days after the conference
> > between the parties, or excuse the parties from submitting a written
> > report and permit them to report orally on their discovery plan at the
> > Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  conference.
> >
> > Please contact me at your earliest convenience to meet and confer
> > regarding the topics above.  We are required to prepare a report to
> > the court regarding these topics, so please respond as soon as you
> > can.
> > Thank you,
> >
> > Laura J. Maechtlen | SEYFARTH SHAW LLP
> > 560 Mission Street | Suite 3100 | San Francisco, CA 94105
> > Telephone: (415) 544-1011
> > Facsimile:  (415) 397-8549
> > Cellular:     (857) 719-9269
> > E-mail: lmaechtlen@seyfarth.com | www.seyfarth.com
```

Moody friends. Drama queens. Your life? Nope! - their life, your story. Play Sims Stories
at Yahoo! Games.
http://sims.yahoo.com/

**Maechtlen, Laura**

| | |
|---|---|
| **From:** | Maechtlen, Laura |
| **Sent:** | Wednesday, September 05, 2007 8:36 AM |
| **To:** | 'David Wallace' |
| **Subject:** | RE: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case No. C 07-03238 CW) |

Mr. Wallace,

We do not typically send soft copy documents, however, we will send the information to you in a letter form, and also in a PDF attached to an email. Can you accept PDF documents over email? Also, do you have a fax number? We will also usually fax and mail letters.

Please let me know at your earliest convenience when you have availability to meet and confer about the topics below.

Thanks,

Laura Maechtlen

-----Original Message-----
From: David Wallace [mailto:prepostman1@yahoo.com]
Sent: Tuesday, September 04, 2007 3:28 PM
To: Maechtlen, Laura
Subject: Re: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case No. C 07-03238 CW)

Please send again as a word doc .doc.  & always use that format, e-mail text loses it formating & is har to read.
Thanks, dw

--- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:
> > Mr. Wallace,
> >
> > This email follows up our telephone discussion this morning.  You
> > confirmed that you are not represented by counsel in the case
> > currently pending in the Northern District Court, Case No. C 07-03238
> > CW.  If you are now represented, or otherwise retain counsel, please
> > notify us immediately and we will correspond with counsel.
> >
> > I contacted you this morning regarding a requirement that the parties
> > conduct an early conference regarding discovery pursuant to FRCP
> > 26(f).  Rule 26(f) states,
> >
> > (f) Conference of Parties; Planning for Discovery. Except in
> > categories of proceedings exempted from initial disclosure under Rule
> > 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as
> > practicable and in any event at least 21 days before a scheduling
> > conference is held or a scheduling order is due under Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split> , confer to consider the nature and basis of
> > their claims and defenses and the possibilities for a prompt
> > settlement or resolution of the case, to make or arrange for the
> > disclosures required by Rule 26(a)(1), to discuss any issues relating
> > to preserving discoverable information, and to develop a proposed
> > discovery plan that indicates the parties' views and proposals
> > concerning:
> > (1) what changes should be made in the timing, form, or requirement
> > for disclosures under Rule 26(a), including a statement as to when
> > disclosures under Rule 26(a)(1) were made or will be made;
> > (2) the subjects on which discovery may be needed, when discovery

1

```
> > should be completed, and whether discovery should be conducted in
> > phases or be limited to or focused upon particular issues;
> > (3) any issues relating to disclosure or discovery of electronically
> > stored information, including the form or forms in which it should be
> > produced;
> > (4) any issues relating to claims of privilege or of protection as
> > trial-preparation material, including -- if the parties agree on a
> > procedure to assert such claims after production -- whether to ask the
> > court to include their agreement in an order;
> > (5) what changes should be made in the limitations on discovery
> > imposed under these rules or by local rule, and what other limitations
> > should be imposed; and
> > (6) any other orders that should be entered by the court under Rule
> > 26(c) or under Rule 16(b) and (c)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split> .
> >
> > The attorneys of record and all unrepresented parties that have
> > appeared in the case are jointly responsible for arranging the
> > conference, for attempting in good faith to agree on the proposed
> > discovery plan, and for submitting to the court within 14 days after
> > the conference a written report outlining the plan. A court may order
> > that the parties or attorneys attend the conference in person. If
> > necessary to comply with its expedited schedule for Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  conferences, a court may by local rule (i)
> > require that the conference between the parties occur fewer than 21
> > days before the scheduling conference is held or a scheduling order is
> > due under Rule 16(b), and (ii)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  require that the written report outlining the
> > discovery plan be filed fewer than 14 days after the conference
> > between the parties, or excuse the parties from submitting a written
> > report and permit them to report orally on their discovery plan at the
> > Rule 16(b)
> > <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > fornia&vr=2.0&sv=Split>  conference.
> >
> > Please contact me at your earliest convenience to meet and confer
> > regarding the topics above.  We are required to prepare a report to
> > the court regarding these topics, so please respond as soon as you
> > can.
> > Thank you,
> >
> > Laura J. Maechtlen | SEYFARTH SHAW LLP
> > 560 Mission Street | Suite 3100 | San Francisco, CA 94105
> > Telephone: (415) 544-1011
> > Facsimile:  (415) 397-8549
> > Cellular:    (857) 719-9269
> > E-mail: lmaechtlen@seyfarth.com | www.seyfarth.com
```

Moody friends. Drama queens. Your life? Nope! - their life, your story. Play Sims Stories
at Yahoo! Games.
http://sims.yahoo.com/

**Maechtlen, Laura**

| | |
|---|---|
| **From:** | David Wallace [prepostman1@yahoo.com] |
| **Sent:** | Wednesday, September 05, 2007 2:38 PM |
| **To:** | Maechtlen, Laura |
| **Subject:** | RE: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case No. C 07-03238 CW) |

```
I do not have a fax I know can recive word .doc's You can also save your PDF as
a word .doc to send me & still have your PDF. I'm moving my mail will be
delayed, I don't know my new address yet.
dw

--- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:

> Mr. Wallace,
>
> We do not typically send soft copy documents, however, we will send the
> information to you in a letter form, and also in a PDF attached to an
> email.  Can you accept PDF documents over email?  Also, do you have a
> fax number?  We will also usually fax and mail letters.
>
> Please let me know at your earliest convenience when you have
> availability to meet and confer about the topics below.
>
> Thanks,
>
> Laura Maechtlen
>
>
>
> -----Original Message-----
> From: David Wallace [mailto:prepostman1@yahoo.com]
> Sent: Tuesday, September 04, 2007 3:28 PM
> To: Maechtlen, Laura
> Subject: Re: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case
> No. C 07-03238 CW)
>
>
> Please send again as a word doc .doc.  & always use that format, e-mail
> text
> loses it formating & is har to read.
> Thanks, dw
>
> --- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:
> > > Mr. Wallace,
> > >
> > > This email follows up our telephone discussion this morning.  You
> > > confirmed that you are not represented by counsel in the case
> > > currently pending in the Northern District Court, Case No. C
> 07-03238
> > > CW.  If you are now represented, or otherwise retain counsel, please
> > > notify us immediately and we will correspond with counsel.
> > >
> > > I contacted you this morning regarding a requirement that the
> parties
> > > conduct an early conference regarding discovery pursuant to FRCP
> > > 26(f).  Rule 26(f) states,
> > >
> > > (f) Conference of Parties; Planning for Discovery. Except in
> > > categories of proceedings exempted from initial disclosure under
> Rule
> > > 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as
> > > practicable and in any event at least 21 days before a scheduling
> > > conference is held or a scheduling order is due under Rule 16(b)
```

```
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> , confer to consider the nature and basis of
> > > their claims and defenses and the possibilities for a prompt
> > > settlement or resolution of the case, to make or arrange for the
> > > disclosures required by Rule 26(a)(1), to discuss any issues
> relating
> > > to preserving discoverable information, and to develop a proposed
> > > discovery plan that indicates the parties' views and proposals
> > > concerning:
> > > (1) what changes should be made in the timing, form, or requirement
> > > for disclosures under Rule 26(a), including a statement as to when
> > > disclosures under Rule 26(a)(1) were made or will be made;
> > > (2) the subjects on which discovery may be needed, when discovery
> > > should be completed, and whether discovery should be conducted in
> > > phases or be limited to or focused upon particular issues;
> > > (3) any issues relating to disclosure or discovery of electronically
> > > stored information, including the form or forms in which it should
> be
> > > produced;
> > > (4) any issues relating to claims of privilege or of protection as
> > > trial-preparation material, including -- if the parties agree on a
> > > procedure to assert such claims after production -- whether to ask
> the
> > > court to include their agreement in an order;
> > > (5) what changes should be made in the limitations on discovery
> > > imposed under these rules or by local rule, and what other
> limitations
> > > should be imposed; and
> > > (6) any other orders that should be entered by the court under Rule
> > > 26(c) or under Rule 16(b) and (c)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> .
> > >
> > > The attorneys of record and all unrepresented parties that have
> > > appeared in the case are jointly responsible for arranging the
> > > conference, for attempting in good faith to agree on the proposed
> > > discovery plan, and for submitting to the court within 14 days after
> > > the conference a written report outlining the plan. A court may
> order
> > > that the parties or attorneys attend the conference in person. If
> > > necessary to comply with its expedited schedule for Rule 16(b)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> conferences, a court may by local rule (i)
> > > require that the conference between the parties occur fewer than 21
> > > days before the scheduling conference is held or a scheduling order
> is
> > > due under Rule 16(b), and (ii)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> require that the written report outlining
> the
> > > discovery plan be filed fewer than 14 days after the conference
> > > between the parties, or excuse the parties from submitting a written
> > > report and permit them to report orally on their discovery plan at
> the
> > > Rule 16(b)
```

5

```
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split>  conference.
> > >
> > > Please contact me at your earliest convenience to meet and confer
> > > regarding the topics above.  We are required to prepare a report to
> > > the court regarding these topics, so please respond as soon as you
> > > can.
> > > Thank you,
> > >
> > > Laura J. Maechtlen | SEYFARTH SHAW LLP
> > > 560 Mission Street | Suite 3100 | San Francisco, CA 94105
> > > Telephone: (415) 544-1011
> > > Facsimile:  (415) 397-8549
> > > Cellular:     (857) 719-9269
> > > E-mail: lmaechtlen@seyfarth.com | www.seyfarth.com
>
>
>
>
> _____
>
> Moody friends. Drama queens. Your life? Nope! - their life, your story.
> Play Sims Stories at Yahoo! Games.
> http://sims.yahoo.com/
> _____
> Any tax information or written tax advice contained herein (including any
> attachments) is not intended to be and cannot be used by any taxpayer for the
> purpose of avoiding tax penalties that may be imposed on the taxpayer. (The
> foregoing legend has been affixed pursuant to U.S. Treasury Regulations
> governing tax practice.)
>
> This email may contain privileged or confidential information and is for the
> sole use of the intended recipient(s). If you are not the intended recipient,
> any disclosure, copying, distribution, or use of the contents of this
> information is prohibited and may be unlawful. If you have received this
> electronic transmission in error, please reply immediately to the sender that
> you have received the message in error, and delete it. Thank you.
>
```

---

Boardwalk for $500? In 2007? Ha! Play Monopoly Here and Now (it's updated for today's economy) at Yahoo! Games.
http://get.games.yahoo.com/proddesc?gamekey=monopolyherenow

## Maechtlen, Laura

**From:**  Garcia, Gloria
**Sent:**  Wednesday, September 05, 2007 10:27 AM
**To:**  'prepostman1@yahoo.com'
**Cc:**  Maechtlen, Laura
**Subject:** David Wallace

Attached is a copy of Ms. Maechtlen's letter to you, which I'm also sending a hard copy by mail today.


*Gloria P. Garcia*
*Seyfarth Shaw LLP*
*560 Mission Street, Suite 3100*
*San Francisco, CA 94105*
*Tel. (415) 732-1113*
*Fax (415) 397-8549*
*ggarcia@seyfarth.com*



SEYFARTH
**ATTORNEYS**
SHAW LLP

560 Mission Street, Suite 3100

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone
(415) 544-1011

Writer's e-mail
lmaechtlen@seyfarth.com

Writer's direct fax
(415) 397-8549

September 5, 2007

Mr. David Wallace
890 Midway Ave.
San Leandro, CA 94577

      **Re:**   **David Wallace v. Kiewit**
            **Case No. C 07-03238 CW**

Dear Mr. Wallace:

    This email follows up our telephone discussion this morning. You confirmed that you are not represented by counsel in the case currently pending in the Northern District Court, Case No. C 07-03238 CW. If you are now represented, or otherwise retain counsel, please notify us immediately and we will correspond with counsel.

    I contacted you this morning regarding a requirement that the parties conduct an early conference regarding discovery pursuant to FRCP 26(f). Rule 26(f) states:

    **(f)**    **Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under <u>Rule 16(b)</u>, confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

    **(1)**    what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

    **(2)**    the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



**(3)** any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

**(4)** any issues relating to claims of privilege or of protection as trial-preparation material, including -- if the parties agree on a procedure to assert such claims after production -- whether to ask the court to include their agreement in an order;

**(5)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(6)** any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

Please contact me at your earliest convenience to meet and confer regarding the topics above. We are required to prepare a report to the court regarding these topics, so please respond as soon as you can.

Thank you.

Very truly yours,

SEYFARTH SHAW LLP

Laura J. Maechtlen

LJM:gg
cc:    Mark Ross, Esq.

# EXHIBIT C

**Maechtlen, Laura**

| | |
|---|---|
| **From:** | David Wallace [prepostman1@yahoo.com] |
| **Sent:** | Thursday, September 06, 2007 11:32 PM |
| **To:** | Maechtlen, Laura |
| **Subject:** | RE: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case No. C 07-03238 CW) |

I don't understand your questions how to respond to when or what, am I
qualified to represent myself?
dw

--- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:

> Mr. Wallace,
>
> We do not typically send soft copy documents, however, we will send the
> information to you in a letter form, and also in a PDF attached to an
> email.  Can you accept PDF documents over email?  Also, do you have a
> fax number?  We will also usually fax and mail letters.
>
> Please let me know at your earliest convenience when you have
> availability to meet and confer about the topics below.
>
> Thanks,
>
> Laura Maechtlen
>
>
>
> -----Original Message-----
> From: David Wallace [mailto:prepostman1@yahoo.com]
> Sent: Tuesday, September 04, 2007 3:28 PM
> To: Maechtlen, Laura
> Subject: Re: David Wallace v. Kiewit Pacific Co. (N. Dist. of CA, Case
> No. C 07-03238 CW)
>
>
> Please send again as a word doc .doc.  & always use that format, e-mail
> text
> loses it formating & is har to read.
> Thanks, dw
>
> --- "Maechtlen, Laura" <LMaechtlen@seyfarth.com> wrote:
> > Mr. Wallace,
> >
> > This email follows up our telephone discussion this morning.  You
> > confirmed that you are not represented by counsel in the case
> > currently pending in the Northern District Court, Case No. C
> 07-03238
> > CW.  If you are now represented, or otherwise retain counsel, please
> > notify us immediately and we will correspond with counsel.
> >
> > I contacted you this morning regarding a requirement that the
> parties
> > conduct an early conference regarding discovery pursuant to FRCP
> > 26(f).  Rule 26(f) states,
> >
> > (f) Conference of Parties; Planning for Discovery. Except in
> > categories of proceedings exempted from initial disclosure under
> Rule
> > 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as
> > practicable and in any event at least 21 days before a scheduling
> > conference is held or a scheduling order is due under Rule 16(b)
> >

```
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> , confer to consider the nature and basis of
> > > their claims and defenses and the possibilities for a prompt
> > > settlement or resolution of the case, to make or arrange for the
> > > disclosures required by Rule 26(a)(1), to discuss any issues
> relating
> > > to preserving discoverable information, and to develop a proposed
> > > discovery plan that indicates the parties' views and proposals
> > > concerning:
> > > (1) what changes should be made in the timing, form, or requirement
> > > for disclosures under Rule 26(a), including a statement as to when
> > > disclosures under Rule 26(a)(1) were made or will be made;
> > > (2) the subjects on which discovery may be needed, when discovery
> > > should be completed, and whether discovery should be conducted in
> > > phases or be limited to or focused upon particular issues;
> > > (3) any issues relating to disclosure or discovery of electronically
> > > stored information, including the form or forms in which it should
> be
> > > produced;
> > > (4) any issues relating to claims of privilege or of protection as
> > > trial-preparation material, including -- if the parties agree on a
> > > procedure to assert such claims after production -- whether to ask
> the
> > > court to include their agreement in an order;
> > > (5) what changes should be made in the limitations on discovery
> > > imposed under these rules or by local rule, and what other
> limitations
> > > should be imposed; and
> > > (6) any other orders that should be entered by the court under Rule
> > > 26(c) or under Rule 16(b) and (c)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> .
> > >
> > > The attorneys of record and all unrepresented parties that have
> > > appeared in the case are jointly responsible for arranging the
> > > conference, for attempting in good faith to agree on the proposed
> > > discovery plan, and for submitting to the court within 14 days after
> > > the conference a written report outlining the plan. A court may
> order
> > > that the parties or attorneys attend the conference in person. If
> > > necessary to comply with its expedited schedule for Rule 16(b)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split>  conferences, a court may by local rule (i)
> > > require that the conference between the parties occur fewer than 21
> > > days before the scheduling conference is held or a scheduling order
> is
> > > due under Rule 16(b), and (ii)
> > >
> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split>  require that the written report outlining
> the
> > > discovery plan be filed fewer than 14 days after the conference
> > > between the parties, or excuse the parties from submitting a written
> > > report and permit them to report orally on their discovery plan at
> the
> > > Rule 16(b)
> > >
```

> <http://web2.westlaw.com/find/default.wl?rp=%2ffind%2fdefault.wl&vc=0&
> > >
> DB=1004365&DocName=USFRCPR16&FindType=L&AP=&fn=_top&rs=WLW7.07&mt=Cali
> > > fornia&vr=2.0&sv=Split> conference.
> > >
> > > Please contact me at your earliest convenience to meet and confer
> > > regarding the topics above.  We are required to prepare a report to
> > > the court regarding these topics, so please respond as soon as you
> > > can.
> > > Thank you,
> > >
> > > Laura J. Maechtlen | SEYFARTH SHAW LLP
> > > 560 Mission Street | Suite 3100 | San Francisco, CA 94105
> > > Telephone: (415) 544-1011
> > > Facsimile:  (415) 397-8549
> > > Cellular:      (857) 719-9269
> > > E-mail: lmaechtlen@seyfarth.com | www.seyfarth.com

---

Moody friends. Drama queens. Your life? Nope! - their life, your story. Play Sims Stories
at Yahoo! Games.
http://sims.yahoo.com/

1          **PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
                                  )      ss
3    COUNTY OF SAN                )
     FRANCISCO                    )
4

5          I am a resident of the State of California, over the age of eighteen years, and not a party
     to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,
     San Francisco, California 94105. On June 19, 2007, I served the within document:

6

7    **Declaration of Laura J. Maechtlen re Defendant's Case Management Conference
     Statement**

8

9    ☐      I sent such document from facsimile machine (415) 397-8549 on September 18, 2007.
            I certify that said transmission was completed and that all pages were received and
10          that a report was generated by facsimile machine (415) 397-8549 which confirms said
            transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
11          action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
            parties listed below.

12   ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
            fully prepaid, in the United States mail at San Francisco, California addressed as set
13          forth below.

14   ☐      by personally delivering the document(s) listed above to the person(s) at the
            address(es) set forth below.
15

16   ☐      by placing the document(s) listed above, together with an unsigned copy of this
            declaration, in a sealed Federal Express envelope with postage paid on account and
17          deposited with Federal Express at San Francisco, California, addressed as set forth
            below.

18   ☐      by transmitting the document(s) listed above, electronically, via the e-mail addresses
            set forth below.
19

20          David Wallace
            890 Midway Ave.
21          San Leandro, CA 94577
            **(By email at prepostman1@yahoo.com; & U.S. Mail)**
22

23          I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
24   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
25   meter date is more than on day after the date of deposit for mailing in affidavit.

26          I declare that I am employed in the office of a member of the bar of this court whose
     direction the service was made. Executed on September 18, 2007 at San Francisco, California.

27

28                                                   _____
                                                            Gloria Garcia