SEYFARTH SHAW LLP
Mark S. Ross (State Bar No.: 064812) mross@seyfarth.com
Laura J. Maechtlen (State Bar No.: 224923) lmaechtlen@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KIEWIT PACIFIC CO.

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DAVID WALLACE, | Case No. C 07-03238 CW |
| Plaintiff, | **DEFENDANT'S FOURTH CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| KIEWIT PACIFIC CO., INC. | Date: August 19, 2008<br>Time: 2:00 P.M. |
| Defendant. | Judge: The Honorable Claudia Wilkin<br>Courtroom: 2 |

Defendant, KIEWIT PACIFIC CO., INC.[1] submits this fourth Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.  The relevant updates and/or issues to this Case Management Statement that have occurred subsequent to the last Case Management Statement are underlined.

## 1.    JURISDICTION AND SERVICE

Defendants removed the case to this Court based on federal question and diversity jurisdiction from the Superior Court of California, County of Contra Costa.  Defendant is not aware of any issues regarding personal jurisdiction or venue.  All parties have been served with

---

[1] As with the first, second and third Case Management Statements, Defendant attempted to meet and confer with Plaintiff David Wallace to file a joint case management conference statement pursuant to Civil Local Rule 16-9 and the Standing Order For All Judges Of The Northern District of California.

1    notice of the lawsuit, and removal to this Court.

2    **2.      FACTS**

3         **A.      A brief description of the events underlying the action:**

4         Plaintiff DAVID WALLACE ("Plaintiff") brought this action against his former

5    employer, defendant KIEWIT PACIFIC CO. ("Kiewit") in Contra Costa Superior Court, alleging

6    the following two causes of action: (1) Intentional Tort;  and (2)  Breach of Collective

7    Bargaining Agreement.  Defendants removed the case to this Court based on federal question

8    and diversity jurisdiction.  Defendants deny all substantive allegations of Plaintiff's complaint

9    and have raised various affirmative defenses.

10                      **1.      Plaintiff's claims**

11         Plaintiff alleges in his first cause of action for Intentional Tort several claims:  (1)

12   Wrongful Termination;  (2)  "Failure to Accommodate A.D.D. disabitity (sic) under Am.

13   Disibilies (sic) Act – A.D.A.;"  (3)  "Reverse" Sex Discrimination; and (4)  Whistleblower

14   Retaliation for "over reporting safty (sic) violation in complaiance (sic) with K.P. strict safty

15   (sic) policy."

16         In his Breach of Contract cause of action, Plaintiff alleges that on February 24, 2005

17   Kiewit Pacific Co. breached an oral and "other" contract between the "Union Hireing (sic) &

18   Contractors OE3 Contract."  He alleges the essential terms were that "K.P. will Train D.W. &

19   Not to violate safe (sic) & Federal employment laws."  He also restates his allegations contained

20   in the first cause of action:  failure to accommodate ADD under the Americans With Disabilities

21   Act, "reverse" sex discrimination and whistleblower retaliation.

22                      **2.      Defendant's description of events**

23         Kiewit is a construction company specializing in civil construction projects.  Among its

24   various projects, it currently operates at a jobsite in Benicia for the construction of the new

25   Benicia Bridge.  Kiewit employed Plaintiff David Wallace ("Wallace") as a surveyor party chief.

26   Kiewit employs surveyors, such as Wallace, to perform survey tasks on the Benicia Bridge

27   Project.  The surveyors are required to provide accurate measurements on all aspects of the

28   project, and are relied upon by all other crews on the project.

1    Wallace was not interviewed by the company, and was sent from the union hiring hall

2    upon a request from Mike Lombardi, Survey Manager on the Benicia Bridge project. Upon hire,

3    Kiewit expected that Wallace would have basic knowledge of surveying in order to run a survey

4    crew efficiently and with little training. Within one week of his employment, Wallace notified

5    his manager, Mike Lombardi, that he was not as "intuitive" as a woman, and therefore would

6    need additional time to learn the survey equipment. Lombardi immediately reported this to the a

7    Senior Business Manager on the jobsite, Patrick Snyder. Snyder and Lombardi agreed that they

8    should determine what additional time or help Wallace needed. Lombardi went back to Wallace,

9    and asked him whether that was all he needed. Wallace said that was all. Other than this

10   conversation, Wallace never said or did anything to inform anyone that he had any alleged

11   disability. Despite providing additional time and opportunity to learn the equipment necessary to

12   perform his job (that he was already supposed to have known how to operate), Wallace was

13   simply unwilling or unable to adequately perform the essential functions of his job. Two months

14   after he was employed, Wallace was terminated for unsatisfactory performance.

15   **B.    The principal factual issues according to Defendant:**

16      **1.    Whether Wallace suffered from a disability.**

17      **2.    Whether Wallace adequately informed Kiewit of his need for a reasonable

18            accommodation.**

19      **3.    Whether Kiewit provided Wallace with a reasonable accommodation.**

20      **4.    Whether Wallace's alleged request for accommodation was "reasonable."**

21      **5.    Whether Wallace could perform the essential functions of his job, with or

22            without a reasonable accommodation.**

23      **6.    If the requested reasonable accommodation was an undue hardship.**

24      **7.    Whether Wallace failed to perform his essential job functions.**

25      **8.    Whether Plaintiff's sex was a factor in any of Defendant's purportedly

26            adverse employment decisions regarding Plaintiff.**

27      **9.    Whether Wallace engaged in whistleblower activities.**

28      **10.   Whether Defendant's purportedly adverse employment decision regarding**

3

1    Plaintiff was/were taken in retaliation for Wallace's alleged whistleblower

2    activities.

3    **11.**    Whether Kiewit's alleged adverse employment actions against Plaintiff

4    were taken for legitimate non-retaliatory business reasons.

5    **12.**    Whether the collective bargaining agreement that covered Wallace's

6    employment was breached.

7    **13.**    What damages, if any, did Plaintiff suffer as a result of Defendant's

8    alleged conduct?

9    **14.**    Whether Plaintiff mitigated his alleged damages.

10    **15.**    Whether Plaintiff has satisfied the statutory and administrative

11    prerequisites to filing suit, in a timely manner.

12    **3.**    <u>**LEGAL ISSUES**</u>

13    **A.**    **The principal legal issues according to Defendant:**

14    **1.**    Whether Wallace's claims are barred because he failed to exhaust the

15    applicable collective bargaining grievance procedures applicable to him.

16    **2.**    Whether Wallace's claims are barred because he failed to exhaust the

17    applicable contractual remedies available to him pursuant to the collective

18    bargaining agreement applicable to his employment.

19    **3.**    Whether Wallace's claims are barred because he failed unreasonably to

20    avail himself of preventative and corrective opportunities provided by

21    Kiewit Pacific Co., which took reasonable care to prevent and correct

22    harm to Plaintiff.

23    **4.**    Whether the facts are sufficient to state claims for sex discrimination,

24    failure to accommodate, wrongful termination or breach of contract.

25    **5.**    Whether Plaintiff can establish a prima facie case of violation of the

26    applicable collective bargaining agreement.

27    **6.**    Whether any or all of Wallace's claims will be barred by the decision of

28    the Labor Arbitrator in Wallace's pending labor arbitration case alleging

4

discriminatory discharge (Operating Engineers Local 3 (David Wallace) and Kiewit Pacific Co., Union Case No. 46085-20050512-111309).

7.    Whether Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

8.    Whether Plaintiff's claims are barred in whole or in part by Plaintiff's failure to file a timely administrative charge, and/or to exhaust his administrative remedies.

9.    Whether Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Workers Compensation Act?

10.    Whether Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, ratification and/or unclean hands.

11.    Whether Defendants' actions were a just and proper exercise of management discretion.

12.    Whether Defendants' actions were privileged or justified.

13.    Whether Defendants may use any "after-acquired" evidence that, if known, would have caused Plaintiff to be terminated.

14.    If liability exists, the scope, nature, extent and limitations on damages.

15.    Whether there are sufficient grounds upon which a claim for, or any recovery of, punitive damages can be based.

16.    Whether Plaintiff or Defendant is entitled to an award of attorneys' fees.

4.    **MOTIONS.**

The parties have filed no prior or pending motions.  Defendant anticipates that there may be a need for discovery motions including, but not limited to a motion to compel Plaintiff's initial disclosures and Plaintiff's independent medical examination, once written discovery and depositions commence.  Defendant will file a dispositive motion in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of Court.

5.    **AMENDMENT OF PLEADINGS**

Defendant is unaware of any reasons for parties, claims, or defenses to be added or

5

1    dismissed.

2    **6.**      <u>**EVIDENCE PRESERVATION**</u>

3         Defendant has taken steps to preserve evidence relevant to the issues reasonably evident

4    in this action, including preservation of any electronically recorded material.  It is unknown

5    whether Plaintiff has taken any steps to preserve evidence relevant to the issues relevant to this

6    action.

7    **7.**      <u>**DISCLOSURES**</u>

8         Defendant served its initial disclosures pursuant to Rule 26(a) on September 18, 2007.

9    Plaintiff has not served his initial disclosures, despite Defendant's numerous requests for

10    Plaintiff's initial disclosures.

11      **A.**      Persons disclosed pursuant to Civ. L.R. 16-5:

12           **1.**      Disclosed by Plaintiff

13      None.

14           **2.**      Disclosed by Defendant

15         Defendant disclosed eleven witnesses who are believed to have relevant information

16    related to Plaintiff's claims including all relevant co-employees of Plaintiff, and all witnesses

17    known to Defendant whom Plaintiff may identify as relevant fact witnesses.

18      **B.**      Categories of documents disclosed under Civ. L.R. 16-5 or produced through

19           formal discovery:

20           **1.**      Categories of documents disclosed by Plaintiff:

21               **a.**      none.

22           **2.**      Categories of documents disclosed by Defendant:

23         Defendant disclosed by category all relevant documentation that it knows to exist, that is

24    relevant to Plaintiff's asserted claims including, but not limited to Plaintiff's personnel and

25    compensation files; all paperwork signed by Plaintiff relative to his employment with Kiewit

26    Pacific Co.;  Kiewit's Employment Policies applicable to the Benicia Bridge Project and David

27    Wallace from February 23, 2005- April 29, 2005; all administrative charges and/or complaints

28    David Wallace filed with the Equal Employment Opportunity Commission regarding his

6

1  employment with Kiewit Pacific Co., Inc. (or any other relevant agency); relevant documents

2  that relate or refer to communications by and between Plaintiff and/or others about Plaintiff's

3  performance, the assignment of work to Plaintiff, Plaintiff's training, Plaintiff's termination, and

4  any alleged request for "accommodation" made by Plaintiff; relevant documents related to the

5  relative performance of similarly situated employees; relevant documents related to the

6  performance, performance counseling process and termination of other similarly situated

7  employees hired, counseled  and/or terminated in the same or similar time period as Plaintiff for

8  the same or similar reasons; various documents and communications by and between witnesses

9  noted above related to the assignment of work to Plaintiff, relative performance of Plaintiff's

10  work and Plaintiff's termination from employment; communication and/or document between

11  the witnesses noted above regarding Plaintiff's complaint that women are more "intuitive" than

12  men, and Plaintiff requires additional training time; any and all standards, rules or policies

13  related to the requirements of Surveyors on the Benicia Bridge Project including, but not limited

14  to, any documentation or information related to the essential functions of Plaintiff's position as

15  Survey Party Chief; all paperwork related to Plaintiff's union grievance covering similar or

16  identical claims contained in this action; 2002-2006 Master Agreement for Northern California

17  between Associated General Contractors of California, Inc. and Local Union No. 3 of the

18  International Union of Operating Engineers, AFL-CIO; all documentation reflecting the work

19  performed by Plaintiff including, but not limited to any timelines or chronologies setting for the

20  tasks Plaintiff performed, diary entries and/or notes maintained by Plaintiff, his managers or co-

21  workers; all documentation prepared by any doctor, psychologist, psychiatrist, or other physical

22  or mental health, learning disabilities or educational professional related to Plaintiff's alleged

23  Adult Attention Deficit Disorder.

24        C.     Each party who claims an entitlement to damages or an offset sets forth the

25             following preliminary computation of the damages or of the offset:

26               1.     Plaintiff's computation of damages.

27      None.

28  / / /

Defendant Kiewit Pacific Co., Inc.'s Fourth CMC Statement; Case No. C 07-03238 CW

**2.** Defendant's computation of damages.

Defendant denies Plaintiff is entitled to any damages. Other than its costs and attorney fees, Defendant does not seek the recovery of any damages from Plaintiff at this time.

**D.** All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:

Defendant is presently unaware of any policies of insurance that may cover a potential judgment if one is obtained in this action.

**8.** **DISCOVERY**

Defendant agrees to the following discovery plan:

**A.** **Non-expert discovery.**

Defendant has not engaged in discovery thus far because Plaintiff has not actively prosecuted this matter. If that occurs, Defendant will take Plaintiff's deposition, and will serve document requests and interrogatories on Plaintiff. Defendant may depose other witnesses identified through discovery, and may issue records subpoenas to third parties. Defendant also may propound requests for admissions, and any necessary follow up discovery.

Defendant also anticipates that an independent medical examination will be necessary by a psychiatrist and/or psychologist, to determine whether Plaintiff suffers from the disability he alleges (ADD); what effect, if any, that disability had on Plaintiff's ability to perform the essential functions of his job as Surveyor Party Chief; and, what accommodations may have been reasonable to enable Plaintiff to perform his essential functions of his job as Surveyor Party Chief.

Plaintiff's intended non-expert discovery is unknown.

The parties do not propose any limitation on the number of discovery requests or the duration of discovery, other than what the federal and local rules already provide.

The parties do not propose any limitation on the subject matter of discovery, other than what the federal and local rules already provide.

**B.** **Expert discovery**

Defendant does not currently know if experts will be necessary, however utilized Dr.

8

1  Claude Munday in the labor arbitration that addressed multiple claims alleged in this lawsuit.

2  Dr. Munday is a Clinical/Neuro Psychologist who addressed issues related to Plaintiff's alleged

3  disability and emotional distress damages.

4       If additional experts are necessary, the areas of likely testimony are related to economics,

5  other aspects of Plaintiff's alleged disability, and emotional distress damages.  Defendant plans

6  to take depositions of all disclosed experts.  Defendant also intends to request that Plaintiff

7  undergo an Independent Medical Examination.

8       **C.**    **Deadlines for completion of discovery**

9       The parties believe that non-expert discovery can be completed by the end of December

10  2008.

11       Defendant will disclose experts, if any, by June 2009.  Expert discovery can be

12  completed by June 2009.

13  **9.**    **CLASS ACTION**

14       Not applicable.  This is not an action filed with the intent to certify a class.

15  **10.**    **RELATED CASES**

16       A labor arbitration has been conducted before a labor arbitrator, John Kagel, pursuant to

17  the collective bargaining agreement in effect between Operating Engineers Local 3 and Kiewit

18  Pacific Co.  That case is titled Operating Engineers Local 3 (David Wallace) and Kiewit Pacific

19  Co., Union Case No. 46085-20050512-111309.  The arbitration concluded on March 10, 2008.

20  The parties prepared post-arbitration briefs and submitted them to the Arbitrator on May 28,

21  2008.  Following submission of the post-arbitration briefs in May 2008, the Union raised one

22  issue of law and requested briefing on that issue.  The Arbitrator granted the Union's request to

23  brief the issue, and the Union was asked to submit a brief.  As of the August 12, 2008, the Union

24  has not yet submitted its brief.  Accordingly, no ruling has yet been made.  The Arbitrator is

25  expected to make a ruling within one month following submission of the Union's supplemental

26  brief, which was already due to the Arbitrator.  It is expected that the brief will be filed soon,

27  within the next few weeks.

28       Defendant is aware of no other related cases.

**11.    RELIEF**

Plaintiff alleges he lost his job, income, peace of mind, ability to sleep and concentrate, self esteem, pension payments, and "etc." Defendant denies Plaintiff is entitled to any relief. Other than its costs and attorney fees, Defendant does not seek the recovery of any additional relief from Plaintiff at this time.

**12.    SETTLEMENT AND ADR**

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process because the parties have not agreed to participate in any form of ADR at this time.

**13.    CONSENT TO MAGISTRATE FOR ALL PURPOSES**

Defendant does not consent to a magistrate for all purposes.

**14.    OTHER REFERENCES**

At this time, not applicable.

**15.    NARROWING OF THE ISSUES**

At this time, it is unknown whether issues can be narrowed.

**16.    EXPEDITED SCHEDULE**

Defendant does not consent to an expedited schedule at this time.

**17.    SCHEDULING**

Defendant anticipates completing non-expert discovery by the end of March 2009, subject to any delay based on discovery motions. Defendant anticipates filing a motion to compel Plaintiff's independent medical examination. Defendant anticipates completing expert discovery by June 2009.

The parties also believe that dispositive motions should be decided prior to the expert discovery phase of the case. The parties request that dispositive motions be heard by March 2009.

**18.    TRIAL**

It is unknown whether the case will be tried to a jury. Defendant does not request a jury, and based on the known facts, Plaintiff has not requested a jury. Defendant's estimated length of trial is one (1) week.

Defendant Kiewit Pacific Co., Inc.'s Fourth CMC Statement; Case No. C 07-03238 CW

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant disclosed all interested entities or persons in its notice of removal, which it filed on June 19, 2007.  Defendant has reviewed the Court's standing order on recusal and does not believe that any ground for recusal exists.

**20.   MATTERS THAT MAY FACILITATE THE DISPOSITION OF THIS MATTER.**

Plaintiff has failed to prosecute this matter.  Defendant requests that this court consider Plaintiff's failure to prosecute in its Case Management Order.  No other matters that may facilitate the disposition of this matter are known at the present time.

**21.   OTHER.**

Defendant wishes to clarify for the Court that, contrary to Mr. Wallace's Case Management Statement faxed to Defendant on June 8, 2008, Defendant has **not** agreed to communicate with Plaintiff solely by e-mail.  In fact, on June 6, 2008, counsel for Defendant notified Mr. Wallace that Defendant "did *not* give verbal permission to communicate by e-mail only."

Plaintiff has continued to fail to submit his initial disclosures to Defendant, despite numerous requests that he do so.

DATED: August ___12___, 2008          SEYFARTH SHAW LLP

By _____
          Laura J. Maechtlen
     Attorneys for Defendant
     KIEWIT PACIFIC CO., INC.

11

**<u>CASE MANAGEMENT ORDER</u>**

This Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders the following:

Dated: _____, 2008

_____
The Honorable Claudia Wilkin
United States District Court Judge

12